**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

GARRY ALAN ULLAND,

    Plaintiff,

v.                                              CASE NO. 5:14cv162-RH/CJK

FRANK MCKEITHEN et al.,

    Defendants.

_____/

**ORDER DISMISSING THE AMENDED COMPLAINT IN PART**

In an amended complaint signed under penalty of perjury, the plaintiff Garry Alan Ulland alleges that while detained in the Bay County Jail awaiting trial on state charges, he suffered medical conditions eventually including a severe staphylococcus infection. He alleges he was seen by the defendant Dr. Lippman, who was deliberately indifferent to his condition, refusing to provide any treatment at all for a significant period. Mr. Ulland alleges that as a result, he suffered substantial, permanent liver damage. Mr. Ulland asserts a claim for damages under 42 U.S.C. § 1983. He names as defendants not only Dr. Lippman but also, in their individual and official capacities, both the Sheriff responsible for operating the jail

and the Secretary of the Florida Department of Corrections. Mr. Ulland was incarcerated in the Department of Corrections after he was convicted on the state charges.

The amended complaint has not been served on the defendants but has instead been screened by the magistrate judge under 28 U.S.C. § 1915A. The magistrate judge's report and recommendation concludes the amended complaint should be dismissed for failure to state a claim on which relief can be granted. Mr. Ulland has filed objections. I have reviewed de novo the issues raised by the objections.

A doctor who is assigned to treat a prisoner violates the Eighth Amendment when the doctor is deliberately indifferent to a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). The same standard applies under the Fourteenth Amendment to a detainee. An employing entity—including, for example, a sheriff who operates a county jail—can be held liable if the deliberate indifference stems from the entity's custom or policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity is liable under 42 U.S.C. § 1983 for an official's constitutional violation only if the violation was based on

the entity's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy).

The report and recommendation concludes that Dr. Lippman was at most negligent—in effect, that Mr. Ulland's allegation that Dr. Lippman was deliberately indifferent is incorrect. That is *probably* right. But a complaint cannot properly be dismissed just because a court concludes that the plaintiff's allegations are *probably* incorrect.

Instead, to avoid dismissal for failure to state a claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this purpose, a complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14.

Pretrial screening, like a motion to dismiss, is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims

sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

One cannot know, based only on the allegations of the complaint, whether Mr. Ulland had a serious medical need and, if so, whether Dr. Lippman (1) provided proper care or (2) was merely negligent or (3) was deliberately indifferent to a serious medical need. The allegation of deliberate indifference is not implausible. Prison doctors deal with a high volume of patients in difficult circumstances. Many imprisoned or detained patients demand treatment that is unwarranted. The doctors often provide good care. But sometimes prison doctors are not only negligent but deliberately indifferent to serious medical needs. Mr. Ulland's allegation that that happened here cannot be rejected based solely on the pleadings. And the allegation that that happened plausibly suggests, it is not merely consistent with, Mr. Ulland's entitlement to relief against Dr. Lippman. *Twombly*, 550 U.S. at 557.

The report and recommendation correctly concludes that the amended complaint does not state a claim against the Sheriff or the Secretary in either their individual or official capacities.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted in part. The claims against the Sheriff and Secretary are dismissed. The case is remanded to the magistrate judge for service of process and further proceedings on the claims against Dr. Lippman.

SO ORDERED on June 21, 2017.

s/Robert L. Hinkle  
United States District Judge